UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL F.,

                     Plaintiff,

v.                                                     CASE # 20-cv-01215

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
| --- | --- |
| LAW OFFICES OF KENNETH HILLER | KENNETH R. HILLER, ESQ. |
|   Counsel for Plaintiff | SAMANTHA J. VENTURA, ESQ. |
| 6000 North Bailey Ave | |
| Suite 1A | |
| Amherst, NY 14226 | |
| | |
| U.S. SOCIAL SECURITY ADMIN. | KRISTINA D. COHN, ESQ. |
| OFFICE OF REG'L GEN. COUNSEL – REGION II | |
|   Counsel for Defendant | |
| 26 Federal Plaza – Room 3904 | |
| New York, NY 10278 | |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.      RELEVANT BACKGROUND

### A.      Factual Background

Plaintiff was born on June 18, 1971, and has at least a high school education. (Tr. 60, 200). Generally, plaintiff's alleged disability at the time of application consisted of kidney transplant complications, acid reflux, cataracts, status-post pancreas transplant, thyroid issues, and arthritis in the knees. (Tr. 199). His alleged onset date of disability is May 21, 2017, and his date last insured is December 31, 2022. (Tr. 17, 195).

### B.      Procedural History

On July 6, 2017, plaintiff protectively filed for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act and for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 162-179). Plaintiff's applications were denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On July 1, 2019, plaintiff appeared before ALJ Mary Mattimore. (Tr. 32-68). On July 17, 2019, ALJ Mattimore issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-27). On July 15, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C.      The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2. The claimant has not engaged in substantial gainful activity since May 21, 2017, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.).*

3. The claimant has the following severe impairments: status post kidney transplant; status post pancreas transplant; status post PCP pneumonia; left knee arthritis; and impaired immune system (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally kneel, crouch, and crawl. He can have no exposure to hazardous machines or unprotected heights or temperature extremes. The claimant can have occasional interaction with the public. He cannot work in a hospital or healthcare setting or in a childcare environment.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on June 18, 1971 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 21, 2017, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 12-27).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff broadly argues the ALJ's RFC is unsupported by substantial evidence. (Dkt. No. 15 at 1 [Pl.'s Mem. of Law). Specifically, plaintiff asserts there is no opinion to support the ALJ's finding plaintiff could perform sedentary work. (*Id.* at 10).

B.      **Defendant's Arguments**

Defendant responds to plaintiff's arguments and contends the ALJ's RFC finding is supported by substantial evidence in the record and that the RFC need not correspond to any particular medical opinion. (Dkt. No. 18 at 11, 17 [Def.'s Mem. of Law]).

III.    **RELEVANT LEGAL STANDARD**

A.      **Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

4

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.    ANALYSIS**

Plaintiff essentially argues that substantial evidence required to support an RFC equates to a medical opinion or specific functional assessment. (Dkt. No. 15 at 10). Plaintiff's argument fails. Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).  Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on evidence the in record.  *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).

Furthermore, the Second Circuit has held that where the record contains sufficient evidence from which an ALJ can assess the plaintiff's residual functional capacity, a medical source statement or formal medical opinion is not necessarily required. *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."); *see Samantha T. v. Comm'r of Soc. Sec.*, No. 20-CV-201, 2021 WL 3566597, at *3 (W.D.N.Y. Aug. 12, 2021) (even without a medical opinion, other evidence can be used to support

RFC findings); *see also Amanda P. v. Comm'r of Soc. Sec.*, No. 20-CV-306, 2021 WL 2637437, at *3-4 (W.D.N.Y. June 28, 2021) (rejecting argument that the ALJ created a gap in the record by giving partial weight to medical opinion and noting that the physical RFC was "supported by other evidence in the record," including claimant's own testimony and reports).

In this case, ALJ Mattimore relied on the medical opinions of record, treatment notes, and testimony in developing the RFC for sedentary work with some additional limitations. Plaintiff argues there is no opinion evidence which assesses the ability to perform sedentary work, primarily the ability to sit six hours a day. (Dkt. No. 15 at 9). Plaintiff asserts "the ALJ's conclusion is backed by nothing but her own interpretations as neither plaintiff's testimony or any medical opinion supports it." (Dkt. No. 15 at 10). However, this is not correct. On the initial functional report completed by plaintiff in August 2017, he reported his illness and conditions did not affect his ability to sit. (Tr. 214). The ALJ referenced plaintiff's self-report that his ability to walk and stand was not as long as he was previously able, but he testified to working four hours a day, five days a week as a cashier. (Tr. 20, 37, 214). At the hearing, when asked about the ability to do a sit-down job for 40 hours a week, plaintiff replied he didn't know if he could do it because he gets tired very easily. (Tr. 60). ALJ Mattimore additionally referenced records from just prior to the onset date which were consistent with sedentary work, such as plaintiff's report that sitting helped to resolve lightheadedness after prolonged standing and a treatment provider's advisement to lighten his workload which consisted of standing at work. (Tr. 21).

Although plaintiff testified about fatigue, the ALJ specifically reviewed the record for evidence of fatigue induced limitations but found none. (Tr. 24-25). As restated in the decision, plaintiff testified that after working as a cashier four hours a day he needed a 20-minute nap in the afternoon and then was able to do some household chores. (Tr. 25, 47, 54-55). On the functional

report he did not mention fatigue as limiting in any functional activities but reported he had no problems performing any of his self-care, paying attention, or finishing what he starts. (Tr. 215-216). Plaintiff endorsed a full range of daily activities at the consultative exam and on the functional report, including grocery shopping for 90 minutes once a week, vacuuming, sweeping, washing dishes, preparing meals, driving his sister-in-law to work, and socializing with friends. (Tr. 211-212, 343).

Additionally, the administrative record of evidence did include three medical opinions which ALJ Mattimore appropriately identified and considered under the new regulations. First, Dr. Schwab, the consultative examiner, observed plaintiff had full range of motion of his spine and joints, full strength of his upper and lower extremities, full grip strength bilaterally, and no evident muscle atrophy. (Tr. 344-346). The doctor observed that plaintiff was unable to walk on his toes. (Tr. 343). Dr. Schwab opined that plaintiff should avoid heights but otherwise, did not indicate that plaintiff was limited. (Tr. 346).

Plaintiff does not argue any deficiency in how the ALJ considered the opinion of Dr. Schwab but contends it was silent on the abilities to stand, walk, and sit. (Dkt. No. 15 at 8). However, plaintiff's chief complaint at the exam was related to his kidney and pancreas transplants and that his legs occasionally get weak from PCP pneumonia which he had two months prior. (Tr. 342). Plaintiff does not claim that any alleged impairments were not considered or exam findings incorrect. Therefore, the CE considered the plaintiff's alleged impairments and limitations at the time of the exam. ALJ Mattimore found Dr. Schwab's opinion regarding heights persuasive and correspondingly restricted plaintiff from having any exposure to heights in the RFC. (Tr. 19). Furthermore, the ALJ indicated that she accounted for plaintiff's inability to walk on his toes by limiting him to only sedentary work. (Tr. 19, 24).

Plaintiff's treating registered nurse, Kristine Reed, RN, completed a physical medical source statement on June 24, 2019, and reported that plaintiff experienced malaise and fatigue but left blank all other areas for physical or mental limitations. (Tr. 846). RN Reed concluded the form by expressly affirming that plaintiff was limited due to chronic immunosuppression and not psychological or physical disability. (Tr. 849). ALJ Mattimore appropriately found the opinion had reduced persuasive value because it did not include a functional assessment. (Tr. 23). However, the ALJ stated that the record supported RN Reed's opinion regarding plaintiff's immune system, and accordingly, the RFC includes restrictions regarding specific workplaces and public interaction. (Tr. 19, 23).

Finally, a September 18, 2017, opinion from review physician Dr. Padmaraju expressly found no exertional or postural limitations, but opined that plaintiff needed to avoid concentrated exposure to hazards. (Tr. 76, 81). The ALJ found the record supported Dr. Padmaraju's limitation regarding concentrated exposure to hazards, however, Dr. Padmaraju did not account for the reasonable effects plaintiff's impairments would have on his ability to engage in exertional and postural activities. (Tr. 23). Accordingly, in her RFC finding, ALJ Mattimore limited plaintiff to sedentary work that requires only occasional kneeling, crouching, or crawling and no exposure to temperature extremes. (Tr. 19.)

As such, ALJ Mattimore appropriately assessed an RFC based on all relevant evidence, including objective medical evidence, medical history, clinical findings, plaintiff's own descriptions of limitations, and medical opinions. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also* 20 C.F.R. §§ 404.1513(a)(1)-(5), 416.913(a)(1)-(5). The ALJ dutifully identified what evidence supported each limitation in the RFC and did not interpret silence in the medical opinions as evidence of lack of limitations as plaintiff alleges. (Dkt. No. 15 at 8). As extensively identified

in defendant's brief, plaintiff's legal argument relies on cases in which the record suggested greater limitations than those included in the RFC. For example, in *Adamczyk v. Comm'r of Soc. Sec.*, the ALJ relied on reports that were silent on sitting to conclude claimant could do sedentary work, even though other reports indicated the claimant was unable to sit for six hours in an eight-hour day. *See Adamczyk,* 18-CV-00831 (JJM), 2020 WL 1270131, at *7 (W.D.N.Y. Mar. 2020), 7 (W.D.N.Y. Mar. 17, 2020), report and recommendation adopted, No. 1:18-CV-00831-JJM, 2020 WL 3887813 (W.D.N.Y. July 10, 2020). Unlike many of the cases relied upon by plaintiff in his memorandum, in the pending case there are two opinions addressing plaintiff's physical limitations. Dr. Padmaraju indicated that plaintiff had no exertional or postural limitations. (Tr. 81). RN Reed noted that plaintiff experienced malaise and fatigue, but explicitly reported that plaintiff had no physical or psychological disability. (Tr. 846, 849). Nevertheless, the ALJ did not find these statements persuasive because the treatment record suggested greater limitations. (Tr. 23-24). The ALJ also found the opinion of Dr. Schwab persuasive but did not solely rely on it as evidenced by finding RFC limitations which were greater than those opined by Dr. Schwab. (Tr. 19).

Under the substantial evidence standard of review, it is not enough for plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support his position. When substantial evidence of record supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order); *Rouse v. Colvin*, No. 14-CV-817S, 2015 WL 7431403, at *6 (W.D.N.Y. Nov. 23, 2015) (unpublished). The Second Circuit has made clear that it is the plaintiff who bears the burden of proving that his RFC is more restricted than that found by the ALJ, whereas the Commissioner need only show that the ALJ's decision was supported by substantial evidence in the record. *See Poupore v. Astrue,* 566 F.3d 306 (2d Cir. 2009). Plaintiff has not introduced

any evidence showing that he was not able to perform work commensurate with the ALJ's RFC finding, or that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record.

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is

> **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 18) is

> **GRANTED**.

Dated: March 17, 2022                                    *J. Gregory Wehrman*
Rochester, New York                                     HON. J. Gregory Wehrman
                                                                       United States Magistrate Judge